**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **PAUL LEWIS ROBINSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **NO. 3:22-CV-00030-CAR-CHW** |
| **VS.** | : | |
| | : | |
| **ALCOVY JUDICIAL SYSTEM,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**ORDER OF DISMISSAL**

*Pro se* Plaintiff Paul Lewis Robinson, an inmate incarcerated at the Walton County Jail in Monroe, Georgia, filed a complaint seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff seeks leave to proceed *in forma pauperis*. ECF No. 2. Plaintiff, however, has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*. Leave to proceed *in forma pauperis* is therefore **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**.

Under 28 U.S.C. § 1915(g), a prisoner is barred from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This is known as the "three strikes provision." A prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2)

malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192. The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed multiple federal lawsuits and that at least three of his complaints have been dismissed as frivolous, or malicious, or for failure to state a claim. *See, e.g., Robinson v. Alcovy Judicial Circuit*, Case No. 3:17-cv-00113-CDL-CHW (M.D. Ga. Apr. 23, 2018) (dismissed for failure to state a claim); *Robinson v. Smith*, Case No. 3:20-cv-00067-CAR-CHW (M.D. Ga. Nov. 2, 2020) (dismissed for failure to state a claim); *Robinson v. Judge Ott*, Case No. 3:20-cv-00058-CDL-CHW (M.D. Ga. Apr. 15, 2021) (dismissed for failure to state a claim).

Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical

injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Att'y Office*, 334 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo*., 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Plaintiff has named the "Alcovy Judicial System,"[1] as the only Defendant and claims that he is being "illegally confined" and "[f]alsely detained" at the Walton County Jail due to a "forged warrant." ECF No. 1 at 4. Nowhere in his complaint does Plaintiff provide facts in any way suggesting that he is in imminent danger of suffering any serious physical injury. *See Medberry*, 185 F.3d at 1193 (holding plaintiff failed to qualify under imminent danger exception because complaint could not be construed as "constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his [c]omplaint or that he was in jeopardy of any ongoing danger").

As such, Plaintiff will not be permitted to proceed *in forma pauperis* pursuant to § 1915(g), and his Complaint should be dismissed without prejudice to his right to refile

[1] The "Alcovy Judicial System" is not a legal entity subject to suit. *See* Fed. R. Civ. P. 17(b) (capacity to be sued is determined by State law); *Georgia Insurers Insolvency Pool v. Elbert Cnty*., 368 S.E.2d 500, 502 (Ga. 1988) (*quoting Cravey v. Southeastern Underwriters Ass'n*., 105 S.E.2d 497, 501 (Ga. 1958) (explaining the classes of legal entities that are subject to suit in Georgia). Thus, Plaintiff 's action is also subject to dismissal because he has not linked any of his claims to an entity that is subject to suit. n

with pre-payment of the full $402 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."); *see also Simmons v. Zloch*, 148 F. App'x 921, 922 (11th Cir. 2005) (citing *Dupree* when affirming denial of *in forma pauperis* motion and dismissing complaint under § 1915(g)). Accordingly, Plaintiff may not proceed *in forma pauperis* and this action is **DISMISSED without prejudice**.

**SO ORDERED**, this 29 day of March, 2022.

s/C. Ashley Royal

**C. Ashley Royal, Judge**
**United States District Court**